UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TARRANCE KONRAD ASH,

   Plaintiff,

 -v-

EXECUTIVE DIRECTOR MICHAEL ZUBER,

   Defendants.

---

FILED

2008 JUN -3 PM 1:18

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

DECISION AND ORDER
08-CV-0056Sr

  Plaintiff, Tarrance Konrad Ash, who at the time of filing the instant complaint was a patient at the Rochester Psychiatric Center ("RPC"), and who has since been transferred to and incarcerated at the Elmira Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging that defendant, Michael Zuber, the Executive Director of RPC, allowed staff at RPC to administer psychotropic medication against his "due process [rights]," which led to his parole being violated and his subsequent and current incarceration for an additional 16 months.[1] He also alleges that while at RPC he was subject to physical and mental abuse--"taunting, harassment, cruelty, cynicism, aloofness . . . biasness (sic), insults, unsanita[ry conditions], delay of stay, injections, force[d] medication . . . threats to be violated of parole . . . ." (Docket No. 1, Complaint). Plaintiff has filed both an application to proceed *in forma pauperis* and a prison authorization, and seeks both release from incarceration and two billion dollars in damages.

---

[1] The Court does not know the underlying basis of plaintiff's admission at the Rochester Psychiatric Center nor the status of RPC's Executive Director as a person acting under color of state law. The Court notes that RPC's email address is an address for New York's Office of Mental Health <http://www.omh.state.ny.us/omhweb/facilities/ropc/facility.htm>. Defendant is directed to address these issues in his answer or other response to complaint.

Shortly after filing the complaint, plaintiff filed a motion to withdraw ("expunge") this proceeding (Docket No. 3) but after receiving the next day a motion to "redact" the motion to withdraw (Docket No. 4), the Court issued an Order directing plaintiff to advise the Court of his intention to continue to prosecute this action (Docket No. 5). Plaintiff thereafter filed a response to the Order indicating that he wanted this case to proceed and attaching a copy of an order of the New York State Supreme Court, Appellate Division, Third Department, denying plaintiff's application for a certificate granting leave to appeal to the New York Court of Appeals from the denial of his motion for an extension of time to take an appeal. (Docket No. 7).[2]

The Court notes that its initial impression was that plaintiff's claims are barred by the favorable termination rule of *Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994), which has been held to apply to section 1983 lawsuits based on the revocation of parole. *Bratton v. New York State Div. of Parole*, No. 5:05-CV-950 (NAM/GJD), 2006 WL 2792743, at *3 (N.D.N.Y., Sept. 27, 2006) (citing *Loving v. Harris*, No. 05-CV-3411 (DGT), 2005 WL 1961420, *2 (E.D.N.Y. Aug. 15, 2005)); *Dallas v. Goldberg*, 143 F.Supp.2d 312, 322 (S.D.N.Y.2001); *Davis v. Cotov*, 214 F.Supp.2d 310, 316 (E.D.N.Y.2002). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[2]The Court does not know the relevance of said order but it may relate to the appeal of the Parole Board's determination to revoke plaintiff's parole.

2

Heck, 512 U.S. at 486-87.

In the instant matter, plaintiff does allege that the forcible administration of psychtropic medication led to the revocation of his parole and his current incarceration, and there is no proof that said revocation has been reversed, expunged, declared invalid or called into question but it cannot be said at this initial stage in the litigation, see 28 U.S.C. § 1915(e)(2)(B) and 1915A, that each claim advanced by plaintiff necessarily implicates the invalidity of his parole revocation. See Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)). Plaintiff's claims that he was administered medication against his will and was subject to abuse may not necessarily implicate the validity vel non. of the revocation of his parole.

In Bratton, District Judge Mordue held, on defendants' motions for judgment on the pleadings, based in part on Heck, that plaintiff's claims, which included the use of excessive force during his arrest on the parole violation:

> do not appear to stem solely from the alleged injury of having his parole revoked. It cannot be said on the face of the amended complaint that every claim advanced by plaintiff necessarily implicates the invalidity of the revocation of his parole. This is not to say that, upon review of this action in light of the parole revocation proceedings and/or other evidence, the Court may not find . . . that some or all of plaintiff's claims must be dismissed on the ground of Heck . . The Court finds only that, based solely on the pleadings, it does not appear beyond doubt that all of plaintiff's claims are barred by Heck.

3

*Id.*, 2006 WL 2792743, at *3.

The same can be said here. While plaintiff does seek release from confinement, which the Court cannot grant in the context of this § 1983 action, *see Heck*, 512 U.S. at 486-87,[3] his claims for damages based on the forced administration of psychotropic medication and physical and mental abuse may not necessarily implicate the validity of the parole revocation finding. *See, e.g., Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) ("The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions.").

Accordingly, the motion to withdraw is denied, the motion to redact the motion to withdraw is granted, plaintiff's request to proceed as a poor person is granted and the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to respond to the complaint.

SO ORDERED.

Dated: JUNE 2, 2008
Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge

---

[3] In order to seek relief from the parole revocation plaintiff would need to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after exhausting all his state court remedies.

4