**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**TARRENCE KONARD ASH,**

                              **Plaintiff,**                    **08-CV-00056(Sr)**

**v.**

**MICHAEL ZUBER,**

                              **Defendant.**

_____

### DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #20.


Plaintiff, a former patient at the Rochester Psychiatric Center,

commenced this action on or about January 22, 2008 against Michael Zuber, Executive

Director of the Rochester Psychiatric Center.  Dkt. #1.  In his complaint, plaintiff alleges

that on December 23, 2005, defendant Zuber knowingly allowed his staff to administer

"psychotropic medications to plaintiff against plaintiff's due process.  Which led to

plaintiff being (violated by parole) for 16 more months after 16 years and 4 months

incarceration."  Dkt. #1, p.5.  In a second cause of action against defendant Zuber,

plaintiff alleges that from December 2005 to April 2006 and "Aug 17 to present,"

defendant Zuber "was notified of the gaps in his discharge system and of the abuse

plaintiff was suffering at the hands of MAHATA'S [sic] and other patients.  Taunting,

harrassment [sic], cruelty, cynicism, aloofness, partiality, biasness [sic], insults,

unsanitariness [sic], delay of stay, injections, force of medication, no contact wich [sic]

family, no contact wich [sic] friends.  Threats to be violated of parole again and

restrictions." Dkt. #1, pp.5-6.  Currently before the Court is the defendant's motion for

summary judgment and to stay all discovery pending the outcome of the motion for

summary judgment.  Dkt. #29.  Also pending are plaintiff's motion to compel (Dkt. #26);

plaintiff's motion for discovery (Dkt. #34), and plaintiff's motion for copies of all

documents included in the civil case docket (Dkt. #36).  For the following reasons,

defendant's motion for summary judgment (Dkt. #29) is granted and plaintiff's motions

(Dkt. ##26, 34, and 36) are denied as moot.


## FACTUAL BACKGROUND

At all times relevant to the allegations in plaintiff's complaint, plaintiff was

housed at the Rochester Psychiatric Center.  Dkt. #1, p.1.  Plaintiff commenced this

action on or about January 22, 2008 against Michael Zuber, Executive Director,

Rochester Psychiatric Center seeking two billion dollars in damages and the immediate

release from parole for violations of his constitutional rights.  Dkt. #1.  The complaint

sets forth very few facts and as described above, plaintiff alleges that defendant

approved his admission and knowingly allowed his staff to administer "psychotropic

medications" against plaintiff's will which according to plaintiff, "led to plaintiff being

(violated by parole) for 16 more months after 16 years and 4 months of incarceration."

Dkt. #1, p.5.  In a second cause of action, plaintiff alleges that defendant Zuber was

aware of the abuse that plaintiff was suffering "at the hands of MAHATA'S [sic] and

other patients." Dkt. #1, pp.5-6.  Plaintiff's opposition to defendant's motion for

summary judgment offers no coherent facts and the statements therein are wholly

insufficient to defeat defendant's motion for summary judgment.

In his motion for summary judgment, defendant Zuber states that as

Executive Director he is responsible for the overall functioning of the Rochester

Psychiatric Center, including facility and treatment operations, however, he does not

determine whether to admit a patient or once admitted, that patient's admission status.

Dkt. #30, ¶¶ 3-5.  In his affidavit submitted in support of his motion for summary

judgment, defendant Zuber explains that the admission process at Rochester

Psychiatric Center begins with the intake Nurse Administrator's review of a patient's

paperwork.  *Id*. at ¶ 13.  Based on a review of the paperwork alone, the Nurse

Administrator may make a determination of whether to admit a patient.  *Id*. at ¶ 14.

Alternatively, the Nurse Administrator may elect to interview the patient prior to making

a determination with respect to admission.  *Id*. at ¶ 15.  Once the Nurse Administrator

makes a determination to admit a patient, the Nurse Administrator approves the

admission.  *Id*. at ¶ 16. Thereafter, the Nurse Administrator determines which ward the

patient should be admitted to and refers the patient to that ward and the physician on

the receiving ward makes the actual admission.  *Id*. at ¶¶ 17-18.

Defendant Zuber states that he is not involved in any way with the

admissions process or the decisions relating to a patient's admission to the Rochester

Psychiatric Center.  *Id*. at ¶ 19.  Moreover, defendant Zuber further explains that he has

no authority to make or question the clinical determinations concerning the admission

and treatment of the patients.  *Id*. at ¶¶ 19 and 23.  Indeed, he describes his role as

monitoring and supervising the staff members who in turn manage the staff who directly

provide treatment to the patients.  *Id*. at ¶ 24.  In other words, his "responsibility is to

ensure that the Clinical Director complies with OMH's regulations and that he properly

supervises his subordinates."  *Id*. at ¶ 26.  Further to his statement that he plays no role

in decisions pertaining to the treatment of a particular patient, defendant Zuber states,"I

play no role in determining whether medication is to be administered to a particular

patient.  I play no role in making an application for court authorization to medicate a

patient against his or her will; the treating psychiatrist prepares papers and [sic] Clinical

Director signs off and files them."  *Id*. at ¶¶ 28-29.  Finally, with respect to plaintiff Ash's

treatment, defendant Zuber states, "I had no knowledge of what medications were

being administered to Mr. Ash, whether Mr. Ash was complying with the

recommendation of his treatment providers, or whether in fact Mr. Ash was receiving

any medication at all.  *Id*. at ¶ 31.


## DISCUSSION AND ANALYSIS

Defendant Zuber argues that plaintiff's claims against him must be

dismissed for lack of personal involvement.  For the following reasons, this Court

agrees with defendant that plaintiff's complaint must be dismissed because defendant

Zuber was not personally involved in the alleged violation of plaintiff's constitutionally protected rights.

## Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted).   A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and
> invoke the appropriate statute.  The [party] must also show,
> by affidavits or as otherwise provided in Rule 56 of the
> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).


## Personal Involvement

It is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989).  Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy the wrong; (3) created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating

unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873, *citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

In the instant case, the sole defendant is Michael Zuber, the Executive Director of the Rochester Psychiatric Center.  The complaint is devoid of any factual allegations to support a conclusion that he had any involvement whatsoever in the incidents alleged in the complaint.  Moreover, plaintiff's opposition to the instant motion for summary judgment fails to set forth any facts to establish that defendant Zuber was personally involved in the alleged constitutional deprivation or that there is any genuine issue of material fact sufficient to defeat defendant's motion for summary judgment. Absent any evidence of personal involvement in any of the five means enumerated above, under no circumstances can Executive Director Zuber be held liable for damages pursuant to § 1983.  Accordingly, the claims against Executive Director Zuber fail as a matter of law.  By reason of the foregoing, it is unnecessary for this Court to consider defendant's motion to stay (Dkt. #29), plaintiff's motion to compel (Dkt. #26); plaintiff's motion for discovery (Dkt. #34), and plaintiff's motion for copies of all documents included in the civil case docket (Dkt. #36) and therefore, those motions are denied as moot.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (Dkt. #29) is granted.  In addition, defendant's motion to stay discovery (Dkt. #29)

pending the outcome of his motion for summary judgment is denied as moot.  Finally,

plaintiff's motion to compel (Dkt. #26); plaintiff's motion for discovery (Dkt. #34), and

plaintiff's motion for copies of all documents included in the civil case docket (Dkt. #36)

are denied as moot.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that any appeal from this Order would not be taken in good faith, and leave to appeal to

the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S.

438 (1962).  Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.


**SO ORDERED.**


DATED:      Buffalo, New York
            March 8, 2011


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**